**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| PRECIOUS OWUSU-BOATENG, *Plaintiff*, | ) | |
| v. | ) | CASE NO. 3:22-cv-812 (OAW) |
| U.S. CITIZENSHIP & IMMIGRATION SERVICES, ET AL., *Defendant*. | ) | |

**ORDER GRANTING DEFENDANTS' SECOND MOTION TO DISMISS**

Plaintiff Precious Owusu-Boateng sued the United States Citizenship and Immigration Services (USCIS), the Department of Homeland Security (DHS), and several individual Defendants asserting violations of, *inter alia*, various constitutional rights and the Religious Freedom Restoration Act (RFRA).

The court granted Defendants' first motion to dismiss in its entirety but granted Plaintiff "an opportunity to amend his complaint with respect to his RFRA and First Amendment claims." ECF No. 48, p. 12. Plaintiff timely amended his complaint, repleading his RFRA and First Amendment claims and raising new claims for the first time such as his APA claim. *See* ECF No. 50. Defendants filed a reply at ECF No. 56 and Plaintiff filed an unauthorized sur-reply at ECF No. 60.[1] Because the court only allowed Plaintiff to amend his complaint as to his RFRA and First Amendment claims, the court limits its review to those claims and dismisses the remaining claims. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) ("District courts in

[1] A party cannot submit a sur-reply without permission of the court. *See* D. Conn. L. R. 7(d), ("No sur-replies may be filed without permission of the Court, which may, in its discretion, grant permission upon a showing of good cause."). Plaintiff did not seek leave of the court to file his sur-reply at ECF No. 60. Accordingly, the court will not consider the sur-reply for purposes of resolving the motion to dismiss.

this Circuit have routinely dismissed complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted.").

After carefully reviewing the record, the court finds Plaintiff's amended complaint does not adequately cure the deficiencies related to his RFRA and First Amendment claims and thus no claims survive. Therefore, for the following reasons, the second motion to dismiss hereby is **GRANTED.** This case is dismissed in its entirety.

## I. BACKGROUND

The court presumes the parties' familiarity with the facts as previously established at ECF No. 48, pp. 1–4 and repeats only the facts necessary to explain its current ruling.

## II. LEGAL STANDARD

Defendants move pursuant to Fed. R. Civ. P. 12 to dismiss Plaintiff's Complaint. Plaintiff is a self-represented litigant. Courts "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (internal citation and quotation marks omitted).

### A. 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "The standard for reviewing a 12(b)(1) motion to dismiss is essentially identical to

the 12(b)(6) standard," *Allstate Ins. Co. v. Elzanaty*, 916 F. Supp. 2d 273, 286 (E.D.N.Y. 2013), except that "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of evidence that it exists." *Makarova*, 201 F.3d at 113. When considering a motion to dismiss under Rule 12(b)(1), the court takes as true the factual allegations in the complaint but does not draw inferences favorable to the party asserting jurisdiction. *See J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004).

### B. 12(b)(6)

"To survive a [12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal citations omitted). The court must accept the well-pleaded factual allegations of the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Warren v. Colvin*, 744F.3d 841, 843 (2d Cir. 2014).

## III. DISCUSSION

### A. Religious Freedom Restoration Act Claims

The Religious Freedom Restoration Act of 1993 (RFRA) prohibits the government from substantially burdening an individual's exercise of religion. Under RFRA, "the Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person is in furtherance of a compelling governmental interest and is the least restrictive means necessary of furthering that

compelling government interest." *Newdow v. Peterson*, 753 F.3d 105, 108-09 (2d Cir. 2014) (quotation omitted). "[A] substantial burden exists where the state 'put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Jolly v. Coughlin,* 76 F.3d 468, 477 (2d Cir.1996) (quoting *Thomas v. Review Bd. of the Ind. Emp't Sec. Div.,* 450 U.S. 707, 718 (1981)); *see also Westchester Day Sch. v. Village of Mamaroneck,* 504 F.3d 338, 348 (2d Cir. 2007) ("Supreme Court precedents teach that a substantial burden on religious exercise exists when an individual is required to 'choose between following the precepts of her religion and forfeiting benefits, on the one hand, and abandoning one of the precepts of her religion. . .on the other hand.'" (quoting *Sherbert v. Verner,* 374 U.S. 398, 404 (1963))).

The court previously granted Defendants' motion to dismiss Plaintiff's RFRA claim because Plaintiff did not identify a substantial burden on his religious exercise. ECF No. 48, p. 9. The court found that "complying with [USCIS's] document requests… cannot be said to be a substantial burden on practicing one's religion." *Id.* at p. 10. Plaintiff, as permitted, attempted to replead his RFRA claim at ECF No. 50.

Plaintiff's amended RFRA claim, like his first RFRA claim, challenges the requirement that certain information be provided in support of an I-360 Petition. ECF No. 50, pp. 44–46, ¶¶ 117–19. More specifically, Plaintiff challenges 8 C.F.R. § 204.5(m)(12), and claims that USCIS's verification/site-inspection provision substantially burdens the exercise of his religion. *Id.* In his opposition to Defendants' second motion to dismiss, Plaintiff discusses his religious vows, cites biblical passages, and claims that Defendants' conduct forced him to violate all his stated vows. ECF No. 55-1, pp. 17–19. For example, Plaintiff contends that he "vowed to the Lord and the congregation that: (1) I shall faithfully

execute the office of the UPCG Minister and will to the best of my ability, preserve, protect and defend the Biblical principles upon which the church is established and shall carry out all of my duties and responsibilities as detailed in my job description" and "(2) I shall practice by Christian faith, be exemplary to my members, and inspire others in accordance with the biblical principle . . . .". ECF No. 55-1, p. 17.

Plaintiff, however, does not allege that the verification requirements under § 204.5(m)(12) placed substantial pressure on him to modify his ***religious*** conduct or violate a sincerely held ***religious*** belief. *See Westchester Day Sch. v. Vill. of Mamaroneck*, 504 F.3d 338, 348–49 (2d Cir. 2007). The court agrees with Defendants representation that Plaintiff's "alleged substantial burden appears to be to Plaintiff's future ***employment*** and status in the United States, rather than his ability to practice his religion." ECF No. 56, p. 5 (emphasis added). Therefore, the court finds that Plaintiff fails to state a RFRA claim.[2]

### B. First Amendment Free Exercise Claim

Plaintiff also alleges that 8 C.F.R. § 204.5(m)(12) violates the Free Exercise clause of the First Amendment because "it seeks to regulate the person's exercise of religion by imposing eleven elements on my employer as a growing church and I." ECF No. 55-1 at p. 26.

---

[2] Plaintiff qualified immunity argument also fails, see ECF No. 55-1, pp. 20–23, because the court finds that Plaintiff fails to allege a RFRA violation and for the additional and independent reason that Plaintiff has not proven that Defendants were on notice that conducting a site-inspection in accordance with § 204.5(m)(12) violated RFRA. *See Vega v. Semple*, 963 F.3d 259, 273–74 (2d Cir. 2020) (explaining that qualified immunity shields federal officials unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established law, according to Circuit and Supreme Court precedent, at the time of the challenged conduct).

To succeed on a First Amendment Free Exercise claim, a plaintiff must establish that the "object of [the challenged] law" is to "infringe upon or restrict practices because of their religious motivation" or that its "purpose . . . is the suppression of religion or religious conduct." *Okwedy v. Molinari*, 69 F. App'x. 482, 484 (2d Cir. 2003) (citing *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah,* 508 U.S. 520, 533 (1993)).

8 C.F.R. § 204.5(m)(12) does not prohibit, compel, or otherwise regulate religious exercise; instead, it authorizes USCIS to verify information submitted by an organization seeking an immigration benefit for a religious worker and states that the evidence provided in support of a Petition "may be verified by USCIS through any means determined appropriate by USCIS, up to and including an on-site inspection of the petitioning organization." Plaintiff's conclusory assertion that 8 C.F.R. § 204.5(m)(12) infringes on his religious practices because it imposes evidentiary requirements on his employer fails to sufficiently plead a First Amendment Free Exercise claim. Thus, Plaintiff fails to plausibly allege facts showing that 8 C.F.R. § 204.5(m)(12) "infringe[s] upon or restrict[s] practices because of… religious motivation" or that its "purpose . . . is the suppression of religion or religious conduct," *Okwedy*, 69 F. App'x. at 484 (2d Cir. 2003), and the court dismisses Plaintiff's First Amendment Free Exercise claim (Count three).

### C. <u>First Amendment Retaliation</u>

Under the First Amendment, government officials may not perform retaliatory actions against persons exercising their right to free speech. *Hartman v. Moore*, 547 U.S. 250, 256 (2006)). To properly plead a First Amendment retaliation claim, Plaintiff must allege facts demonstrating that "(1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that

right; and (3) the defendant's actions caused him some injury." *Dorsett v. Cnty. of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013); *Williams v. Town of Greenburgh*, 535 F.3d 71, 76 (2d Cir. 2008).

The court dismissed Plaintiff's prior First Amendment retaliation claim because "Plaintiff fail[ed] to plead facts suggesting that the defendants acted in a manner 'motivated or substantially caused' by his exercise of his First Amendment Rights." ECF No. 48, p.10. Plaintiff has not cured the defect in his First Amendment retaliation claim. Plaintiff's amended complaint labels the revocation proceedings and related agency decisions retaliatory—ECF No. 50, ¶¶ 45, 48, 129—but it does not allege facts supporting a reasonable inference that any Defendant acted ***because*** Plaintiff exercised a First Amendment right. In other words, Plaintiff does not explain the "causal link" between his presumably protected speech and any adverse action taken by the defendants. *See* ECF No. 48, p. 10 (explaining Plaintiff previously failed to "suggest[] that there was a causal link between his assumed protected speech within his RFE response and an adverse action by the defendants).

Plaintiff's failure to do so is particularly significant insofar as the record identifies independent grounds for revoking the I-360 petition which are not attributable to Defendants' allegedly retaliatory conduct. *See* ECF No. 56 (referencing ECF Nos. 25-3, 51-33 in arguing "Plaintiff's employer failed to satisfy three different criteria necessary for an I-360 Petition: (1) it failed to submit verifiable evidence of how it intended to compensate Plaintiff (see 8 C.F.R. § 204.5(m)(10)); (2) it did not demonstrate that Plaintiff possessed the requisite two-year qualifying religious work experience (see 8 C.F.R. §§ 204.5(m)(2), (4)); and (3) it did not satisfactorily complete an on-site inspection (see 8

C.F.R. § 204.5(m)(12)). The AAO, upon de novo review, found that the Notice of Intent to Revoke was issued "based on 'good and sufficient cause'" and the petition approval was "properly revoked… upon considering the record in its entirety," "with each [reason] considered as an independent and alternate basis for the decision."). Therefore, Plaintiff's First Amendment retaliation claim (Count four) is dismissed.

## IV. CONCLUSION

Accordingly, it is thereupon **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss is **GRANTED**. **Because no claims survived, the Clerk of Court kindly is instructed to please terminate this action.**

**IT IS SO ORDERED** in Hartford, Connecticut, this 11th day of September, 2026.

*/s/*
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE